## STATE *v*. PRESCOTT.

In an indictment on the statute for keeping a gaming house or gaming place, it is not necessary to set forth a particular description of the house or place.

Nor to name the persons who played at it.

Nor to state what games they played.

Nor the amount of the gain, hire, or reward, for which they played.

Nor is the indictment double, or uncertain, because it alleges that the defendant kept the house or place on a certain day, and allowed gaming there on that day, and on divers days and times before and after.

INDICTMENT on the statute for keeping a gaming house and gaming place.

The first count alleged that the defendant, at Epping, on the first day of October, 1854, and divers other days and times between that day and the presenting of the bill, did keep a certain gaming place, and did then and there, during all the time aforesaid, suffer and permit many idle, disorderly, and dissolute persons therein to play at games of cards for money, and other hire, gain and reward, and therein to bet on the hands and sides of such persons as were so playing, contrary to the form of the statute, &c.

The second count alleged that the defendant, on the 1st day of September, 1855, at Epping, a certain gaming house there situated for money, hire, gain and reward, unlawfully did keep, and in the said gaming house, on said 1st day of September, and divers other days and times, as well before as afterwards, there unlawfully did suffer and permit divers idle, dissolute and evil disposed persons in said gaming house to game together ; and the said persons, in said gaming house, on said 1st day of September, and on said other days and times, by such permission and sufferance of said Prescott, did play at divers games with cards, and other unlawful games, for money and other goods and chattels.

To this indictment the defendant demurred, and assigned for causes of demurrer :

1. That it is alleged in the first count that said Prescott did keep a certain gaming place, without alleging what place or what kind of place, or giving any description thereof.

State *v.* Prescott.

2. That it is alleged that said Prescott permitted persons to play therein at games of cards, without alleging what persons, or giving the names of, or describing any persons.

3. That it is not alleged at what games of cards said persons so played.

4. That it is alleged in said indictment that persons played at games of cards for money, hire, gain and reward, without alleging what hire, gain or reward.

*Marston,* for the defendant.

The indictment is bad for uncertainty. It gives no description of the place alleged to have been kept, or description of the persons who were suffered to play.

It is indefinite as to time. The second count alleges the offence to have been committed both before and after a day named.

Prosecutions of this nature are barred after two years. Time, therefore, is material, and must be alleged with certainty, and proved as alleged. *State* v. *Robinson,* 9 Foster 278 ; Archbold's Crim. Pl. 40 ; *English* v. *Purser,* 8 East 395 ; *Com.* v. *Elwell,* 1 Gray 463.

This is not a continuing offence, and in the first count two distinct offences are charged, viz., " Keeping a gaming house, and suffering people to play for money," &c., and " keeping a gaming place, and suffering people to bet on the hands and sides of the players."

The indictment does not " fully, plainly and formally" describe the offence, as the bill of rights requires. It does not afford the respondent the requisite information to enable him to prepare for his defence, or plead his conviction or acquittal in this indictment, in bar of another prosecution for the same offence.

*Hatch,* Solicitor, for the State.

PERLEY, C. J. This indictment is founded upon the following provisions of the statute : " If any persons shall keep any gaming house or place, and shall suffer any person to play at

cards, dice, billiards, or at any bowling alley, or any game whatever therein for money, hire, gain or reward, or to bet on the hands or sides of such as are so playing, such person shall be punished by a fine not less than ten dollars or more than one hundred, or by imprisonment in the county gaol not exceeding one year."

This indictment is not a suit or prosecution on a penal statute, within the limitation which requires such suit and prosecution to be brought within two years. The case falls clearly within the principle of *State* v. *Rundlett*, decided at this term in this county. It is not necessary, therefore, that the offence should be proved to have been committed on the day alleged; and no greater certainty or particularity is required in the statement of the time when the offence was committed than in other criminal prosecutions.

The statutory offence is keeping the gaming house or place, and permitting different sorts of gaming therein; or, in general terms, keeping a gaming house or place; for it would not be a gaming house or place unless gaming were allowed there. Each separate act of gaming allowed does not constitute a separate offence. The crime is keeping a gaming house, and that consists in a series of acts. In case of such crimes it is not necessary that the indictment should state and enumerate the several acts relied on as evidence, nor give the names of persons concerned in them, nor describe the house or place.

Thus a common scold, a common barrator, and a keeper of a common bawdy house may be indicted by those general terms, without setting forth any particular acts; because the charges include in their nature a succession and continuation of acts, which do not belong to any particular period, but from the daily habit and character of the individual offending. 1 Chitty's Cr. Law 156, (230.) An indictment for keeping a disorderly house has been held sufficient, without stating particular acts of disorder, or describing the house, or naming the individuals who frequented it. *Rex* v. *Higginson*, 2 Burrow 1232; *Jonson* v. *Stewart*, 1 T. R. 954; *Rex* v. *Rogier & a.*, 1 B. & C. 272.

So in *Clark* v. *Periam*, 2 Atkins 399, it is said that in an indictment for keeping a bawdy house or gaming house, though the charge is general, yet you may give particular facts in evidence. And in *Commonwealth* v. *Pray*, 13 Pick. 362, it was held sufficient to charge a person generally with keeping a common gaming house, or house of ill-fame, or a disorderly house.

We are of opinion that it was not necessary in the indictment to describe the house or place, nor to name the persons who played at it, nor to state what games they played.

Nor is the indictment double, because it states several distinct acts of gaming; the offence consists in keeping the gaming house or place, and not in each separate act of gaming permitted by the defendant.

In the second count it is alleged that the defendant kept a gaming-house on the first day of September, 1855, and it is not alleged that he kept a gaming-house on any other day. It is alleged that he allowed gaming on divers other days and times before and after, but these acts of gaming do not constitute the statutory offence, and no offence is in this count alleged to have been committed except on the 1st day of September, 1855. In this view of the case the objection that the indictment is uncertain as to the time when the offence is alleged to have been committed, does not appear to be well founded in fact. The offence is alleged to have been committed on the 1st of September, 1855, and on no other day.

As the allegation is confined in this count to a single day, the government could not prove, for the purpose of charging the defendant on this count, that the crime was committed on more than one day. Perhaps the evidence might cover a longer time, for the purpose of showing what character the house had on the particular day when it was sought to prove that the offence was committed. It is not, however, necessary to settle this point for the purpose of deciding this demurrer.

*Demurrer overruled.*